1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

8  PENN-STAR INSURANCE COMPANY,          Case No. 1:25-cv-01126-JLT-CDB

9              Plaintiff,                 FINDINGS AND RECOMMENDATIONS TO
                                          GRANT PLAINTIFF'S UNOPPOSED
10      v.                                MOTION FOR DEFAULT JUDGMENT

11  TORRES FARM LABOR                     (Docs. 12, 13, 17)
    CONTRACTOR, INC.,
12                                        **14-DAY OBJECTION PERIOD**
               Defendant.
13

14          Pending before the Court is the motion of Plaintiff Penn-Star Insurance Company

15  ("Plaintiff" or "Penn-Star") for default judgment against Defendant Torres Farm Labor Contractor,

16  Inc. ("Defendant" or "Torres") and declaration of counsel for Plaintiff in support thereof, filed on

17  November 11, 2025.  (Docs. 12, 13).  On November 25, 2025, Defendant, for whom default has

18  been entered, filed through counsel a statement of non-opposition to the motion in which counsel

19  represents that Defendant received Plaintiff's motion and does not oppose its grant.  (Doc. 17).  In

20  light of Defendant's default and its statement of non-opposition, on December 15, 2025, the Court

21  vacated the hearing on Plaintiff's motion and deemed the motion submitted for decision before the

22  undersigned.  (Doc. 18).  For the reasons set forth herein, the undersigned will recommend that

23  Plaintiff's motion be granted.

24  I.     **Relevant Background**

25         A.     **Allegations of the Complaint**

26         On September 4, 2025, Plaintiff initiated this action with the filing of a complaint for

27  declaratory judgment relating to an insurance policy it issued, policy number CPV0036641,

28  effective July 1, 2020, to July 1, 2021, and that is in dispute in an underlying state court action

against, *inter alia*, Defendant.  (Doc. 1 ¶¶ 3, 5; Doc. 1-2).  The Penn-Star Policy (the "Policy") provides commercial general liability coverage under Coverage A for damages that an insured becomes legally obligated to pay because of "bodily injury" or "property damage" caused by an "occurrence" that takes place during the policy period, and the Coverage A provision affords an indemnity limit of $1 million per occurrence.  *Id.* ¶ 6; *see* (Doc. 1-1, the Policy).

The state court lawsuit in with the Policy is in dispute arises from a December 22, 2020, two-vehicle accident on a public roadway near Arvin, California.  *Id.* ¶ 9.  Plaintiff alleges the first vehicle was a John Deere tractor owned by Grimmway Enterprises, Inc. ("Grimmway"), and was driven by a laborer named Nereo Penaloza-Herrera, and the second vehicle was a Nissan Titan owned and driven by third-party Kevin Ramirez.  *Id.*  The subject accident resulted in alleged property damage to the Nissan and bodily injury to Ramirez and his passengers.  *Id.*  Ramirez and his passengers sued Grimmway and Penaloza-Herrera in the Kern County Superior Couty, Case No. BCV-22-100428, the complaint of which is attached to Plaintiff's complaint as "Exhibit B." *Id.* ¶ 10; *see* (Doc. 1-2, Exhibit B ("Ex. B")) (*Ramirez* complaint).  Defendant Torres was added as a defendant to the *Ramirez* action via Doe amendment.  *Id.* ¶ 11.  Plaintiff alleges that at the time of the 2020 *Ramirez* accident, Torres, a labor-services firm, had contracted with Grimmway to provide laborers to work for Grimmway, a carrot farming operation, and Penaloza-Herrera was one such laborer who was working in Grimmway's operation when the accident occurred.  *Id.* ¶ 12.

Plaintiff alleges that on September 15, 2022, Penn-Star agreed to defend Torres in the *Ramirez* action under reservation of rights, including the right to disclaim and withdraw from Torres's defense on grounds that the Auto Exclusion endorsement (*see id.* ¶¶ 7-8) in the Penn-Star Policy barred coverage for the *Ramirez* action.  *Id.* ¶ 13; *see* (Doc. 1-3, Exhibit C ("Ex. C")) (Penn-Star reservation-of-rights letter).  On April 5, 2023, Penn-Star withdrew by letter from Torres's *Ramirez* defense, and disclaimed the duty to defend in that action on grounds that the Auto Exclusion endorsement in the Penn-Star Policy barred coverage.  *Id.* ¶ 14; *see* (Doc. 1-4, Exhibit D ("Ex. D")) (Penn-Star withdrawal/disclaimer letter).  On August 4, 2025, Torres, through counsel, sent a letter to Penn-Star asserting that Penn-Star should reverse its decision to withdraw from defending the *Ramirez* action, contending that Penn-Star's withdrawal had exposed Torres to

1   liability "for greater than the policy limits of Penn-Star's policy" of $1 million and that the

2   withdrawal "was a legal mistake that should not have been made." *Id.* ¶ 15; *see* (Doc. 1-5, Exhibit

3   E ("Ex. E")) (Torres's counsel's August 4, 2025, letter to Penn-Star).

4        In its sole claim for relief, Plaintiff asserts a claim for declaratory judgment under 28 U.S.C.

5   § 2201 against Defendant, alleging that an actual controversy has arisen and exists between Plaintiff

6   and Defendant concerning Plaintiff's respective rights and obligations with respect to the *Ramirez*

7   action. *Id.* ¶ 17. Plaintiff contends that it owes no duty to defend and thus no duty to indemnify

8   Defendant against the allegations in the *Ramirez* action because the suit does not expose Defendant

9   to liability for damages covered by the terms and conditions of the Penn-Star Policy as coverage is

10  eliminated by the Auto Exclusion endorsement. *Id.* Plaintiff therefore requests the Court enter a

11  binding judicial declaration in accordance with Plaintiff's contentions, contending that the

12  requested declarations are both necessary and proper at this time under the circumstances and will

13  serve the interests of judicial economy and substantial justice. *Id.* ¶ 18.

14       In its prayer for relief, Plaintiff seeks the Court enter binding judicial declarations in

15  accordance with Plaintiff's contentions in its complaint, for award of costs of suit occurred herein,

16  and for such other relief as the Court deems just and proper. *Id.* at 6. Plaintiff includes in the

17  complaint a jury demand. *Id.*

18       **B.    Procedural History**

19       On October 1, 2025, Plaintiff filed a status report regarding service of the complaint and

20  Defendant's planned default. (Doc. 7). Plaintiff represented that Defendant was served a copy of

21  the complaint and a summons as reflected by the summons waiver (*see* Doc. 6) executed by counsel

22  for Defendant, Dennis Thelen. *Id.* at 1. Plaintiff notes that counsel for Defendant represents

23  Defendant both here and in the underlying *Ramirez* action, and that he received the summons

24  waiver on September 4, 2025, along with all documents filed to date in this case, making

25  Defendant's responsive pleading due on November 4, 2025. *Id.*; *see* (Doc. 6). Plaintiff informs

26  the Court that Defendant does not intend to appear in this action and rather intends to default and

27  permit Plaintiff to seek a default judgment. *Id.* at 1-2; *see* (Doc. 7-1, Exhibit A ("Ex. A")) (email

28  chain between counsel for Defendant and counsel for Plaintiff). Plaintiff represents the email chain

3

between the parties' counsel contains the following comments:  A September 17, 2025, email from counsel Thelen providing that he believes Defendant will default Plaintiff's lawsuit; a September 24, 2025, email from Plaintiff's counsel explaining "[s]o its clear [that] if Torres does default Penn-Star will move to obtain a default judgment of no duty to indemnify since Torres has agreed to pay $100,000 towards the underlying settlement" of the Kern County *Ramirez* action; an email from counsel Thelen later that same day confirming that Defendant "intend[s] to default the complaint and that [he] will sign the summons waiver for [counsel for Plaintiff]" and also requesting that counsel for Plaintiff "confirm that no cost bill of any kind will be entered"; and a subsequent email that same day from counsel for Plaintiff explaining that costs would be waived and that Plaintiff would "file a notice with the Court explaining that Torres intends to let a default judgment be entered," and further noting that counsel for Plaintiff "will, by the way continue to send [counsel Thelen] updates until a default judgment is actually entered, in case Torres wishes to change its mind."  *Id.* at 2.

On October 1, 2025, Plaintiff filed a notice of potentially related cases pursuant to Local Rule 123, notifying that another case in this Court—*Nationwide Agribusiness Ins. Co. v. Penn-Star Ins. Co.*, No. 1:23-cv-01528-JLT-CDB ("*Nationwide* action")—may constitute a "related case" as both the instant action and the *Nationwide* action involve questions of insurance coverage under a single policy of commercial general liability insurance issued by Penn-Star to named insured Torres for the same underlying *Ramirez* action in the Kern County Superior Court.  (Doc. 8 at 1).  On October 2, 2025, the Court entered an order relating the *Nationwide* action to this action, finding the actions involve overlapping parties, properties, claims, events, and/or questions of fact and law, and therefore assigned both actions to the assigned district judge and the undersigned.  (Doc. 9).

After the time for Defendant to file its responsive pleading had passed, on November 10, 2025, Plaintiff filed a request for entry of default, representing that Defendant authorized its counsel to accept Plaintiff's complaint and summons and thereby waive formal service.  (Doc. 10).  That same day, the Clerk of Court entered default as to Defendant.  (Doc. 11).

**C.    Motion for Default Judgment**

On November 11, 2025, Plaintiff filed the pending motion for default judgment against

1  Defendant and a declaration of counsel for Plaintiff in support thereof.[1]  (Docs. 12, 13).  On
2  November 25, 2025, Defendant, for whom default has been entered, filed through counsel a
3  statement of non-opposition to the motion in which counsel represents that Defendant received
4  Plaintiff's motion and does not oppose its grant.  (Doc. 17).

5      Plaintiff moves for a default judgment against Defendant under Federal Rule of Civil
6  Procedure 55(b)(2) on grounds that while Defendant signed a waiver of service (*see* Doc. 6) of
7  Plaintiff's complaint and the summons, the deadline for Defendant to file a responsive pleading has
8  passed, of which Defendant has confirmed through its counsel is a deliberate, fully informed choice.
9  (Doc. 12 at 2).  Plaintiff represents that as the Clerk of the Court has entered Defendant's default,
10  a default judgment is warranted based on the seven factors for entering a default judgment under
11  *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  *Id.*  As noted above, Plaintiff agreed to waive costs
12  of the suit in seeking its motion for default judgment.  *Id.* at 5.  Plaintiff seeks the Court enter a
13  default judgment granting the relief requested in the complaint—a declaratory judgment that
14  Plaintiff owed no duty to Defendant in the underlying *Ramirez* action and owes no duty to
15  indemnify Defendant, including for the $100,000 Defendant recently agreed to pay towards the
16  *Ramirez* settlement.  *Id.* at 6.

17  **II.**    **Legal Standard**

18      In general, "default judgments are ordinarily disfavored," as "[c]ases should be decided
19  upon their merits whenever reasonably possible."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606,
20  616 (9th Cir. 2016) (quoting *Eitel*, 782 F.2d at 1472).  Prior to entry of default judgment, there must
21  be an entry of default.  *See* Fed. R. Civ. P. 55.  Upon entry of default, the factual allegations of the
22  complaint, save for those concerning damages, are deemed to have been admitted by the defaulting
23  party.  Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)
24  (per curiam).  However, "a defendant is not held to admit facts that are not well-pleaded or to admit

25

26      [1] Following the Court's review of the pending motion and declaration of counsel for
27  Plaintiff in support thereof, on November 12, 2025, the Court reset the hearing on the motion before
   the undersigned pursuant to the assigned district judge's standing order and the Local Rules.  (Doc.
28  14) (citing Local Rules 302(c)(19) & 304).  Following Defendant's filing of its statement of non-
   opposition to the motion, the Court vacated the December 17, 2025, motion hearing.  (Doc. 18).

conclusions of law." *United States v. Cathcart*, No. C 07-4762-PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)); *accord DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (allegations that do no more than "parrot" the elements of a claim not deemed admitted). In other words, "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). The Ninth Circuit has identified seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Entry of default judgment is not appropriate where the second and third factors weigh against plaintiff. *See Mnatsakanyan v. Goldsmith & Hull APC*, No. CV-4358 MMM (PLAx), 2013 WL 10155707, *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors.") (citing cases).

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright *et al.*, Fed. Prac. and Proc. § 2688, at 63 (3d ed. 1998)). However, courts may decline to enter default judgment if a party's claims are legally insufficient. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Aldabe*, 616 F.2d at 1092-93 ("Given the lack of merit in appellant's substantive claims, we cannot say that the district court abused its discretion

6

1    in declining to enter a default judgment in favor of appellant").

2    **III.    Discussion**

3        **A.    The Court has Jurisdiction Over the Action**

4        Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

5    that granted by Congress. *United States. v. Summer*, 226 F.3d 1005, 1009 (9th Cir. 2000). A district

6    court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of

7    $75,000 … and is between citizens of different states, or citizens of a State and citizens or subjects

8    of a foreign state …" 28 U.S.C. § 1332(a)(1)-(2). Section 1332 requires complete diversity, *i.e.*,

9    that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar*

10   *Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). The burden of proving the amount in controversy depends

11   on the allegations in the plaintiff's complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n.*, 479 F.3d 994,

12   998-1000 (9th Cir. 2007).

13       The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because

14   the amount in controversy exceeds $75,000.00 and complete diversity exists between Plaintiff and

15   Defendant. Plaintiff is a Pennsylvania corporation with its principal place of business in Bala

16   Cynwyd, Pennsylvania, and Defendant is a California corporation with its principal place of

17   business in Bakersfield, California. (Doc. 1 ¶¶ 1, 2). Plaintiff alleges that this action involves a

18   dispute over coverage under a policy of liability insurance issued by Plaintiff in connection with

19   the underlying *Ramirez* action against, *inter alia*, Defendant, in which plaintiffs seek in excess of

20   $1 million. *Id.* ¶ 3. Additionally, venue is proper here because Defendant resides in this District

21   and because a substantial part of the events giving rise to the claims occurred in the Eastern District

22   of California as the underlying *Ramirez* action is proceeding in the Kern County Superior Court,

23   which lies within this District and Division. *Id.* ¶ 4.

24       **B.    Adequacy of Service**

25       "As a threshold matter in considering a motion for default judgment, the Court must first

26   assess the adequacy of the service of process on the party against whom default is requested."

27   *Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4

28   (N.D. Cal. Feb. 12, 2013) (internal quotation and citation omitted

1    Here, Plaintiff filed a waiver of service returned executed on September 30, 2025,

2   representing that Defendant received the request for waiver of the service of summons on

3   September 5, 2025, and includes the signature of counsel for Defendant, Mr. Thelen.  (Doc. 6).

4   Therefore, Defendant has been adequately notified of this action under Federal Rule of Procedure

5   4.  *See* Fed. R. Civ. P. 4(d)(4).

6        **C.    The *Eitel* Factors**

7            1.    Possibility of Prejudice to Plaintiff

8    The first *Eitel* factor requires the Court to consider the possibility of prejudice to the plaintiff

9   if a default judgment is not entered.  *Eitel*, 782 F.2d at 1471.  Prejudice may be shown where failure

10  to enter a default judgment would leave plaintiff without a proper remedy.  *Philadelphia Indem.*

11  *Ins. Co. v. United Revolver Club of Sacramento, Inc.*, No. 2:18-cv-2960-KJM-DB, 2020 WL

12  773419, at *3 (E.D. Cal. Feb. 18, 2020) (*citing Landstar Ranger, Inc*, 725 F. Supp.2d at 920).

13   Plaintiff seeks injunctive relief which can only be obtained through a judgment.  Without a

14  judgment in default, Plaintiff would be "continuously exposed to liability" in the underlying action.

15  *Kemper Indep. Ins. Co. v. Boyer*, No. 2:22-cv-1458-MCE-DB, 2023 WL 4014658, at *3 (E.D. Cal.

16  June 15, 2023) (quoting *Aspen Ins. UK Ltd. v. Killarney Const. Co., Inc*., 2012 WL 1831498, at *2

17  (N.D. Cal. May 18, 2012)). Since Defendant has refused to defend this action, if default judgment

18  is not entered, Plaintiff would be left without a proper remedy.  Accordingly, the Court finds that

19  the first *Eitel* factor weighs in favor of granting default judgment to Plaintiff.

20            2.    Sufficiency of the Complaint and the Likelihood of Success on the Merits

21   The second and third *Eitel* factors require the Court to consider the merits of the plaintiff's

22  substantive claim and the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471-72.  The Court

23  considers these two factors together given the close relationship between the two inquiries.

24  *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp.2d 1039, 1055 (N.D. Cal. 2010).

25   These two factors will favor entry of default judgment where the complaint sufficiently

26  states a claim for relief upon which the plaintiff may recover.  *PepsiCo, Inc. v. California Security*

27  *Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010).

28   Plaintiff's sole cause of action is for declaratory relief under 28 U.S.C. § 2201 that Plaintiff

owes no duty to defend or indemnify Defendant for the claims asserted in the underlying *Ramirez* action.  *See* (Doc. 1 at 5-6).  Section 2201(a) permits "any court of the United States...[to] declare the rights and other legal relations of any interested party seeking such declaration … [i]n a case of actual controversy within its jurisdiction."  "Any such declaration shall have the force and effect of a final judgment or decree[.]"  28 U.S.C. § 2201(a).  As explained by the Ninth Circuit:

> The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.

*McGraw-Edison Co. v. Preformed Line Prod. Co.*, 362 F.2d 339, 342 (9th Cir. 1966) (quoting Borchard, Declaratory Judgments, 299 (2d ed.1941)).  The discretion "must be exercised by the trial court with a view to the complete solution of the differences between the litigants." *Taiwan C.R. Litig. Org. v. Kuomintang Bus. Mgmt. Comm.*, No. C 10-0362 VRW, 2011 WL 13376927, at *4 (N.D. Cal. Jan. 18, 2011) (quoting *Prod. Eng'g & Mfg., Inc. v. Barnes*, 424 F.2d 42, 44 (10th Cir. 1970)).

Here, Plaintiff demonstrates that the requested declaratory relief is "necessary and proper at this time under the circumstances" as there is "[a]n actual controversy [that] has arisen and now exists" between Plaintiff and Defendant concerning Plaintiff's respective rights and obligations with respect to the underlying *Ramirez* action.  (Doc. 1 ¶¶ 17, 18).  Plaintiff's pleadings establish that the requested declaratory judgment will clarify and settle the legal relations at issue with respect to Plaintiff owing no duty to defend or indemnify Defendant in the underlying *Ramirez* action. Specifically, under the terms and conditions to the Policy as pleaded in the complaint, including endorsements and exceptions, the *Ramirez* action does not expose Defendant to liability for damages as coverage is eliminated by the Auto Exclusion endorsement (*see* Doc. 1 ¶¶ 17-18). Accordingly, Plaintiff's claim and complaint for declaratory relief are sufficient to show that it is entitled to the requested declaratory relief. *See, e.g.*, *Atain Specialty Ins. Co. v. Szetela* ("*Szetela*"), No. 2:14-cv-2991-KJM-KJN, 2016 WL 3354344, at *4 (E.D. Cal. June 16, 2016), *findings and recommendations adopted* (E.D. Cal. Aug. 23, 2016) (*see Szetela* Doc. 61) (finding sufficient

plaintiff's allegations that it owes no duty under an insurance policy to defend or indemnify defendant with regard to claims of an underlying action wherein the policy contains a "professional services exclusion" provision and a "contractual liability exclusion" provision that both exclude certain activities from coverage).

Accordingly, the Court finds that these factors weigh in favor of granting Plaintiff's motion for default judgment.

### 3.    Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp.2d at 1176-77. The amount at stake must not be disproportionate to the harm alleged. *See Lehman Bros. Holdings. Inc. v. Bayporte Enters. Inc.*, 2011 WL 614079, at \*7 (N.D. Cal. Oct. 7, 2011).

Here, Plaintiff seeks only a declaratory judgment that it owes no duty to defend or indemnify Defendant for the claims asserted in the underlying *Ramirez* action, and Plaintiff seeks no monetary damages in the instant action. Further, Plaintiff has agreed to waive costs of suit. *See* (Doc. 12 at 5); (Doc. 13, Declaration of Daniel Katibah ("Katibah Decl.") ¶ 7). Accordingly, the undersigned finds the fourth *Eitel* factor favors granting default judgment. *See Szetela*, 2016 WL 3354344 at \*5.

### 4.    Possibility of Disputed Material Facts

The fifth *Eitel* factor requires the Court to consider whether a dispute exists regarding material facts. *Eitel*, 782 F.2d at 1471-72. Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is unlikely. *Landstar Ranger*, 725 F. Supp.2d at 921-22. Here, since Defendant is in default, all of Plaintiff's well pleaded factual allegations are taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 918 (citing *Geddes*, F.2d at 560); *e.g.*, *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Since Plaintiff's factual allegations are presumed true in this context and Defendant failed—intentionally so (*see* Doc. 17)—to move to set aside the default, no factual dispute exists that would

preclude the entry of default judgment.  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d, 998, 1013 (C.D. Cal. 2014).  Thus, this factor weighs in favor of default judgment.

### 5.    Whether the Default was Due to an Excusable Neglect

The sixth *Eitel* factor requires the Court to consider whether a defendant's default was due to excusable neglect.  *PespiCo*, 238 F. Supp.2d at 1177; *Eitel*, 782 F.2d at 1471-72.  This factor implicates due process and whether a defendant is "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objection before a final judgment is rendered."  *Phillip Morris USA, Inc. v. Castworld Productions*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Upon review of the record before the court, there is clear indication that the default was not the result of excusable neglect.  Defendant was served with the summons and complaint.  (Doc. 6).  The Clerk of the Court entered default on November 10, 2025.  (Doc. 11).  Defendant was served with the motion for default judgment and the declaration of counsel for Plaintiff in support thereof (Docs. 12, 13, 15) and filed a statement of non-opposition to the granting of Plaintiff's motion (Doc. 17).  It is evident that Defendant received reasonable notice of the pendency of this action, the default entered against it, and Plaintiff's pending motion for default judgment in deciding not to defend itself here.  Accordingly, there is no indication that Defendant's default resulted from excusable neglect, and this factor favors entry of default judgment.  *See Magic Leap, Inc. v. Tusa Tuc*, No. 17-cv-00264 NC, 2017 WL 10456729, at *3 (N.D. Cal. Aug. 17, 2017).

### 6.    Policy of Deciding Cases on the Merits

The seventh *Eitel* factor emphasizes the "general rule that default judgments are ordinarily disfavored."  *Eitel*, 782 F.2d at 1472.  "Cases should be decided upon the merits whenever reasonably possible."  *Id*. (citing *Pena v. Seguros La Comersial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

Defendant's refusal to defend itself in this action renders a decision on the merits virtually impossible.  This factor does not weigh against default judgment.

*        *        *        *        *

The undersigned has considered all the *Eitel* factors and finds that they weigh in favor of

11

1    granting Plaintiff's unopposed motion for entry of default judgment against Defendant.

2        **D.    Plaintiff's Requested Relief**

3        Having determined that entry of default judgment is warranted, the undersigned must now

4    consider Plaintiff's requested relief.  Plaintiff's sole claim for relief is the entry of a declaratory

5    judgment that Plaintiff owes no duty to defend or indemnify Defendant against the allegations

6    asserted against them in the underlying *Ramirez* action.  As discussed above, Plaintiff's well-pled

7    allegations, taken as true, show that Plaintiff is entitled to such relief.  Accordingly, the undersigned

8    recommends that Plaintiff's claim for declaratory judgment be granted.

9    **IV.    Conclusion and Recommendation**

10        For the reasons set forth above, the undersigned RECOMMENDS that:

11        1.  Plaintiff's unopposed motion for default judgment (Doc. 12) be GRANTED;

12        2.  Default judgment be entered in favor of Plaintiff and against Defendant;

13        3.  The Court declare that Plaintiff Penn-Star owes no duty to defend or indemnify

14            Defendant Torres for the claims asserted against Defendant in the underlying action in

15            the Kern County Superior Court, *Ramirez, et al. v. Grimmway Enterprises, Inc., et. al.*,

16            Case No. BCV-22-100428.  *See* (Doc. 1 ¶ 17); (Doc. 12-1); and

17        4.  The Clerk of Court be directed to close this case.

18        These Findings and Recommendations will be submitted to the United States District Judge

19    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after

20    being served with a copy of these Findings and Recommendations, a party may file written

21    objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to

22    Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave

23    of Court and good cause shown.  The Court will not consider exhibits attached to the Objections,

24    but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages

25    filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing

26    these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

27    ///

28    ///

1         A party's failure to file any objections within the specified time may result in the waiver of

2    certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

3    IT IS SO ORDERED.

4        Dated:  __**January 9, 2026**__

5                               UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28